UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-20379-ALTMAN

**DARYL SHARP**,

    *Plaintiff*,

v.

**THOMAS WENSKI**,

    *Defendant*.

_____/

## ORDER

Our *pro se* Plaintiff, Daryl Sharp, has sued Thomas Wenski, the archbishop of the Archdiocese of Miami. *See* Complaint [ECF No. 1]. Unfortunately, we can't really say what his suit is about. As best as we can tell, Sharp appears to allege a global conspiracy led by the Catholic Church, in which the Defendant orchestrated "mass shootings against children and law enforcement personnel," "manipulat[ed] the bible," and stole "government funds[.]" *Id.* at 3–4 (cleaned up). As relief, he asks for $500 trillion dollars in "restoration of government funding[.]" *Ibid.* (cleaned up); *see ibid.* (also claiming $500 million dollars at issue "to be returned to the U.S. Treasury" and $50 billion in "Catholic financial statements" (cleaned up)). His 117-page Complaint is replete with hastily-photocopied news clippings, bible verses, block paragraphs of word salad, excerpts of court opinions, and financial reports. It's often unclear where the text of his Complaint ends and his exhibits begin.

Sharp's allegations are "clearly baseless, fanciful, fantastic, [*and*] delusional," and they lack "any arguable basis in either law or fact[.]" *Atraqchi v. United States*, 2021 WL 4806405, at *1 (11th Cir. Oct. 15, 2021). The statement of Sharp's claim, moreover, includes not a single numbered paragraph, his Complaint and attached exhibits are "replete with conclusory, vague, and immaterial facts," and he "fails to separate into a different count each cause of action." *Embree v. Wyndham*

*Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). Sharp's Complaint is thus a frivolous shotgun pleading that must be dismissed.

## THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. Accordingly, the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

**ANALYSIS**

Sharp's Complaint is incomprehensible. He alleges that the Defendant orchestrated "mass shootings against children and law enforcement personnel," "manipulat[ed] the bible," and stole "government funds[.]" Complaint at 3–4 (cleaned up). And he doesn't allege any cognizable or plausible facts to support his "naked assertions of a conspiracy[.]" *Williams, Scott & Assocs. LLC v. Yates*, 842 F. App'x 539, 540 (11th Cir. 2021) ("Williams's naked assertions of a conspiracy involving more than a dozen federal agents, judges, and lawyers, without any sufficient supporting factual allegations to allege a plausible claim, is the type of fanciful complaint the frivolity screening seeks to reject."). Instead, he just attaches "photographs of several individuals" and "illegible documents" with little explanation as to how any of these relate to his claims. *See Sharp v. Dolan*, 2023 WL 7411341, at *2 (M.D. Fla. Oct. 4, 2023) (Sneed, Mag. J.), *report and recommendation adopted,* 2023 WL 7411339 (M.D. Fla. Oct. 20, 2023) (Merryday, J.), *aff'd,* 2024 WL 4647986 (11th Cir. Nov. 1, 2024).

"A claim is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (first quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); and then citing *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001)). "Nothing in [Sharp's] confusion of papers presents—even in incipient form—a cognizable claim for relief." *Sharp v. Dolan*, 2023 WL 4359107, at *1 (M.D. Fla. June 20, 2023) (Merryday, J.), *appeal dismissed,* 2023 WL 9023338 (11th Cir. Aug. 25, 2023); *see also Williams, Scott & Assocs. LLC*, 842 F. App'x at 540 (holding that "[t]he district court did not abuse its discretion in dismissing the amended complaint as frivolous because its factual contentions were pure conjecture and baseless, as Williams failed to support his numerous accusations . . . with any factual allegations other than conclusory and dubious

statements."). His mess of exhibits certainly doesn't provide any "sufficient supporting factual allegations[.]" *Williams, Scott & Assocs. LLC*, 842 F. App'x at 540.[1]

And nowhere in Sharp's statement of his claim does he allege how (or even if) he's been injured by the Defendant. *See* Complaint at 4; *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211 (S.D. Fla. 2020) (Altman, J.) ("To establish their standing, the Plaintiffs 'must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" (first quoting *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 1547 (2016); and then citing *Lujan v. Def.'s of Wildlife*, 504 U.S. 555, 560 (1992))). All Sharp says—buried on page sixteen of his exhibits—is this: he was (1) "shot 6 times at point blank range when it was discovered that, my former Catholic wife was one of millions used across this country;" and (2) "a car was sent careening into my back at 40 MPH" in a "present attack by the Diocese of St. Petersburg . . . [under] Rick Wells, Deacon under Archbishop Gregory Parkes direction[.]" Complaint at 16 (cleaned up & errors in original). He never explains how the Defendant is connected to these "continuing attacks" or how they're related to his genocide, use of weapons of mass destruction, or racketeering claims. *See id.* at 3, 18. In fact, he says that these attacks were organized by a network of "100 elders . . . hiding inside" and "working in the Congressional offices"—not the Defendant himself. *Id.* at 18. Obviously, this won't do.[2]

---

[1] Sharp, it's true, does include (illegible) "financial statements" from "around the country and the globe" that allegedly show "the massive theft of government grants . . . illegal under the separation of church and state[.]" *See, e.g.*, Complaint at 15, 66–84. And he attaches pictures of the Bible with the following (unreadable) explanation: "Jehovah's name identified at Exodus 3:14 . . . this invalidate[s] all teachings of the Catholic Church and falling under Title 18 § 1091 for manipulation of teaching manual for theft, abuse, and murder[.]" *Id.* at 50–52 (cleaned up & errors in original). But these indecipherable exhibits and unintelligible explanations don't give the Defendant "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555.

[2] If that weren't enough, Sharp's Complaint is also an impermissible shotgun pleading. To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A shotgun pleading is one that

Moreover, Sharp's Complaint appears to include a request for reconsideration of a prior order by Judge Steven D. Merryday in the Middle District of Florida, dismissing a similar complaint against Timothy Dolan, a cardinal of the Catholic Church. *See* Complaint at 16 ("At issue is the opinion rendered by Judge Steven Merryday on October 17, 2023 using Title 18 Section 1915 A dismissing court case number 8:23 CV 1973 as frivolous. . . . Title 18 Section 1915(G) would eliminate reverse and vacate the frivolity claim used by Judge Merryday[.]" (cleaned up & errors in original)).[3] He now sues here (the Southern District of Florida) presumably because he's a restricted filer there (the Middle District of Florida). And he became a restricted filer because he filed at least six actions there "accus[ing]"—as he does here—"the Catholic Church of violations of the United

---

lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Webb v. Miami-Dade Cnty. Gov't*, 2023 WL 7299859, at *2 (S.D. Fla. Nov. 6, 2023) (Altman, J.) (cleaned up). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree*, 779 F. App'x at 662. All shotgun pleadings share two characteristics. *One*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). *Two*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Ibid.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up)).

Sharp's 117-page compilation of documents, pictures, and word salad clearly falls into *Embree*'s second and third categories of shotgun pleadings. But we won't spend any more time on Sharp's procedural failings because his "wildly implausible" substantive allegations are plainly frivolous. *See Miller*, 541 F.3d at 1100.

[3] There's no action by Sharp with that case number in the Middle District of Florida. We think Sharp may, instead, be referring to Judge Merryday's order dismissing his Complaint in No. 23-cv-01978, an action in which he brought similar claims. *See Sharp v. Dolan*, 2023 WL 7411339, at *2. Alternatively, Sharp could be referring to the Oct. 17, 2023, Judge Merryday Order in No. 23-cv-1867 enjoining his "filing in the Middle District of Florida any new action against Timothy Dolan, the Catholic Church, or a Catholic Church official" *pro se*. *See Sharp v. Dolan*, 2023 WL 7411339, at *1. Regardless, Sharp's Complaint must be dismissed as frivolous and as a shotgun pleading.

5

States criminal code." Order, *Sharp v. Dolan*, No. 23-cv-01978 (M.D. Fla. Oct. 31, 2023) (Merryday, J.), ECF No. 12 at 1 (identifying Sharp as a restricted filer).[4]

For starters, Sharp's request for relief is improper. The proper vehicle to request reconsideration of an order is *a motion* asking for that relief. *See* S.D. FLA. L. R. 7.1(a)(2) (referring to "relief sought in the *motion*" (emphasis added)). More importantly, the Eleventh Circuit already *affirmed the district court's dismissal* of the Complaint in that prior action as "frivolous[.]" *Sharp v. Dolan*, 2024 WL 4647986, at *1 (11th Cir. Nov. 1, 2024) ("Nor did the district court err in refusing to allow Sharp leave to amend his shotgun pleading against Archbishop Dolan and officials of the Catholic Church in the light of his history of filing frivolous and previously dismissed complaints against them."). And that's exactly what we'll be doing here. Sharp may have named a different Defendant, but his core (frivolous, fanciful, and delusional) allegations remain the same. *See generally* Complaint. Nor can we "reconsider" an order that wasn't ours to begin with. Sharp sues here in a *different* case in a *different* district with a *different* defendant. We won't take any part in trying to "reconsider" that.

Frankly, we don't think there's any chance that a "more carefully drafted complaint might state a claim[.]" *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." (cleaned up)); *but see Porter v. Governor of the State of Fla.*, 667 F. App'x 766, 767 (11th Cir. 2016) ("Any amendment in this case would have been futile because Porter's amended complaint would still have been subject to dismissal."). But, because it's our duty to "ensure[ ] that the issues get defined at the earliest stages of the litigation," we'll give Sharp *one more chance* and "instruct [Sharp] to replead the case." *Byrne v.*

---

[4] Here, too, some of Sharp's claims appear to involve violations of criminal codes that don't even include a private cause of action. *See* Complaint at 3 (invoking, *e.g.*, 18 U.S.C § 1091 (genocide) and 18 U.S.C § 2232(a) (use of weapons of mass destruction)); *cf. Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021) ("[T]his Court has concluded that criminal statutes do not provide for private civil causes of action.").

*Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008); *see also Buckman v. Lancaster Mortg. Co.*, 2021 WL 4618412, at *3 (11th Cir. Oct. 7, 2021) ("When a plaintiff files a shotgun pleading, a district court must give him *one chance* to replead before dismissing his case with prejudice on shotgun pleading grounds." (emphasis added)).

If Sharp wants to maintain this action, he must (1) briefly and plainly explain how he's been injured (and by whom), (2) articulate a basis for our subject-matter jurisdiction over the case and our personal jurisdiction over the Defendants, (3) show that venue is proper in our District, and (4) plead the elements of a viable cause of action, supporting each element with specific factual allegations (that aren't wildly implausible). And he must separate his claims into distinct counts with "numbered paragraphs, each limited as far as practicable to a *single set of circumstances*[.]" FED. R. CIV. P. 10(b) (emphasis added).

If Sharp files an amended complaint that fails to satisfy the requirements we've set forth in this Order, we *will* dismiss that amended complaint without leave to amend.

We therefore **ORDER and ADJUDGE** as follows:

1. The Complaint [ECF No. 1] is **DISMISSED without prejudice**.
2. The IFP Motion [ECF No. 3] is **DENIED without prejudice**.
3. The Plaintiff may file an amended complaint by **April 24, 2025**. If he wants to amend his complaint, he *must* rewrite it as we've instructed him here. The Plaintiff's failure to follow the instructions we've outlined in this Order will result in dismissal without further notice.
4. If the Plaintiff chooses to amend his complaint, he may also re-file his IFP Motion.

**DONE AND ORDERED** in the Southern District of Florida on March 30, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  Daryl Sharp, *pro se*